NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Merrimack
No. 2020-0148

THE STATE OF NEW HAMPSHIRE

v.

JAVON BROWN

Argued: January 27, 2022
Opinion Issued: March 30, 2022

John M. Formella, attorney general, and Anthony J. Galdieri, solicitor general (Zachary L. Higham, assistant attorney general, on the brief and orally), for the State.

Thomas Barnard, senior assistant appellate defender, of Concord, on the brief and orally, for the defendant.

BASSETT, J. The defendant, Javon Brown, was convicted, following a jury trial in the Superior Court (Kissinger, J.), of misdemeanor domestic violence, see RSA 631:2-b (Supp. 2021), for which he was sentenced to twelve months in the house of corrections and fined. The defendant appeals his conviction, arguing that the trial court erred by ruling that evidence of a phone call was admissible when the call was not authenticated as required by New Hampshire Rule of Evidence 901. We affirm.

The following facts are supported by the record or are undisputed.  The victim and the defendant entered into a relationship in 2018.  In May 2019, the victim filed a report with the Manchester Police Department (MPD) alleging that the defendant held a knife to her throat and threatened to kill her, and the MPD commenced a domestic violence assault investigation.  The couple temporarily separated, but they reconciled in July 2019.

The events underlying this case occurred in August 2019.  At that time, the victim was pregnant with the defendant's child.  Between 2 a.m. and 4 a.m. on August 3, 2019, the defendant woke her and accused her of cheating on him.  The defendant then punched and slapped the victim in the head; covered her mouth and nose, and applied pressure to her neck to prevent her from breathing; and threatened to kill her if she did not write a letter recanting the allegations she had made to the MPD.  She wrote the letter and gave it to the defendant.

The following day, August 4, the victim gave the defendant a ride to Manchester.  Before the defendant got out of the car, the victim agreed that she would wait in the vehicle for him to return.  Instead of waiting, she fled, driving straight to the Concord Police Department to file a report about the prior night's assault.  While she was driving to the police station, she received several calls from phone numbers she did not recognize.

An officer at the station interviewed the victim.  The officer observed and photographed bruising on her forehead and arms.  The victim informed the officer that she had been receiving calls originating from numbers that she did not recognize and that she believed the calls were from the defendant.  The officer called one of the numbers, and the person who answered identified himself as Javon Brown.  Although the speaker denied assaulting the victim, the speaker claimed to have been at the victim's apartment the previous night, August 3, and told the officer that the victim's injuries were from rough sex.  The speaker also told the officer that the victim wrote a letter recanting her allegations to MPD and that the speaker possessed the letter.  The number the officer called does not appear in the record before us.  Thereafter, the defendant was charged with misdemeanor domestic violence, see RSA 631:2-b; second degree assault, see RSA 631:2 (Supp. 2021); tampering with witnesses and informants, see RSA 641:5 (2016); and criminal threatening, see RSA 631:4 (Supp. 2021).

In January 2020, the defendant filed a pretrial motion requesting that the court exclude testimony about the August 4 phone call.  He argued that the conversation was not authenticated because there was insufficient evidence that the individual with whom the officer spoke was the defendant.  See N.H. R. Ev. 901.  The State objected.  On January 31, 2020, the trial court ruled from

the bench that the statements were sufficiently authenticated, reasoning that "the very specificity of the conversation" was sufficient to establish that the speaker was the defendant.

During the two-day jury trial in February 2020, the officer testified about the August 4 phone call. The jury found the defendant guilty of misdemeanor domestic violence, see RSA 631:2-b, and not guilty of the other charges. This appeal followed.

On appeal, the defendant argues that the trial court erred when it admitted the statements from the August 4 phone call because there was insufficient evidence to support a finding that the speaker was the defendant. The defendant contends that in cases like this, when there is no "voice-identification or a connection between the number used and the purported speaker," a large quantum of other evidence is required to link the phone conversation to the defendant, and such evidence is not present in this case. The State responds that there was sufficient circumstantial evidence to establish that the speaker was the defendant, and that, even if the trial court erred in admitting the statements from the call, the error was harmless beyond a reasonable doubt.

The decision to admit or exclude evidence is within the discretion of the trial court. State v. Palermo, 168 N.H. 387, 391 (2015). In determining whether a ruling is a proper exercise of judicial discretion, we consider whether the record establishes an objective basis sufficient to sustain the discretionary decision made. Id. To show an unsustainable exercise of discretion, the defendant must demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case. Id. Because we are reviewing the trial court's pretrial rulings, we limit our review to the proffers presented to the court at the pretrial motion hearing. State v. Nightingale, 160 N.H. 569, 573 (2010).

Rule 901(a) provides that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." N.H. R. Ev. 901(a). "The bar for authentication of evidence is not particularly high." Palermo, 168 N.H. at 392 (quotation omitted). "The proof necessary to connect an evidentiary exhibit to a defendant may be made by circumstantial evidence." Id. (quotation omitted). "The proponent need not rule out all possibilities inconsistent with authenticity, or prove beyond any doubt that the evidence is what it purports to be." Id. (quotation omitted). The State need only demonstrate a rational basis from which to conclude that the person from whom a statement originated is, in fact, the defendant. Id. The contested evidence, if otherwise relevant, should be admitted once a prima facie case has been made on the issue of authentication. Id. "Once the evidence is admitted, the rest is up to the jury." Id. (quotation omitted).

3

Rule 901 does not establish specific requirements as to the nature or quantum of evidence sufficient for authentication. Id. Rule 901(b) provides a list of "examples only — not a complete list — of evidence that satisfies the requirement." N.H. R. Ev. 901(b). Relevant to this case is subsection (4):

> (4) Distinctive Characteristics and the Like. The appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together in conjunction with all the circumstances.

N.H. R. Ev. 901(b)(4). Because we agree with the trial court's findings that "the specificity of the conversation . . . provide[s] an adequate foundation for its admissibility," we hold that the phone conversation was sufficiently authenticated in accordance with Rule 901(b)(4).

The quantum of proof necessary to authenticate statements made on a phone call is an issue of first impression in New Hampshire. Nonetheless, "our established rules governing authentication are sufficient to address the issue in this case." Palermo, 168 N.H. at 391 (addressing, as a matter of first impression, authentication of Facebook messages).

We find Palermo instructive. In Palermo, we considered the authenticity of messages sent from the defendant's Facebook account. The defendant's account was left logged-in on a device to which others had access. Id. at 390-94. In holding that the messages were sufficiently authenticated, we found the contents of the messages persuasive evidence of their authenticity. Id. at 393. The information contained in the messages — the defendant's parole status and living situation — was "consistent with the defendant's circumstances." Id. Additionally, the messages described conduct consistent with the victim's testimony as to how the defendant assaulted her. Id. Although the information may not have been known exclusively to the defendant, it would have been known to "only a few individuals." Id. Citing Rule 901(b)(4), we held that the messages were admissible because they "contained sufficient identifying details to link the authorship of the messages to the defendant." Id. at 392-93.

Similarly, the phone conversation in this case contains details sufficient to link the phone call to the defendant. The speaker told the officer that he was at the victim's apartment the previous evening — the night that the assault occurred. In addition, the speaker's statement that he had the victim's recantation letter was consistent with the victim's testimony that, during her assault, she was forced by the defendant to write such a letter. See id.

The defendant argues that a speaker's demonstration of "some knowledge of the matters at issue" is not sufficient to authenticate a phone conversation. Here, however, the information the speaker provided was likely to be known only to a small number of people — the defendant, the victim, and anyone whom the victim may have told in the relatively short period of time between the assault and her flight from the defendant. The speaker's statements contained distinctive identifying details sufficient to make a prima facie case that the speaker was the defendant. N.H. R. Ev. 901(b)(4); Palermo, 168 N.H. at 393.

Moreover, as in Palermo, circumstances beyond the contents of the conversation make it likely the defendant was the speaker. See Palermo, 168 N.H. at 393. The person with whom the officer spoke self-identified as the defendant. Although self-identification, standing alone, may not be sufficient to authenticate the evidence, it is nonetheless relevant circumstantial evidence of authenticity. See United States v. Console, 13 F.3d 641, 661 (3d Cir. 1993) (ruling that a call was authenticated based on "the content of the conversation combined with the caller's self-identification"). Additionally, the officer obtained the phone number from the victim's phone, and the victim believed it was the defendant, a belief supported by the timing of the call during her flight from him. See United States v. John, 518 F.2d 705, 709-10 (7th Cir. 1975) (considering the timing of phone calls relevant circumstantial evidence of the caller's identity).

The defendant argues that the trial court "failed to recognize or apply a corroboration requirement commensurate with the high risk of fraud" in this case. He contends that the risk of fraud was high because the victim could have told someone to pose as the defendant on the phone, or that the person on the other end of the call was a random person merely "play[ing] along" in response to the officer's prompting. While such scenarios are possible, "the ease with which" someone could have posed as the defendant "d[oes] not preclude authentication based upon the State's proffered authentication evidence." Palermo, 168 N.H. at 394. The State "need not rule out all possibilities inconsistent with authenticity." Id. at 392 (quotation omitted). Here, because the evidence linking the defendant to the phone conversation was sufficient to meet the relatively low bar for authentication established by Rule 901(a), we conclude that the trial court sustainably exercised its discretion when it admitted the statements into evidence.

Affirmed.

HICKS, HANTZ MARCONI, and DONOVAN, JJ., concurred.